**S.I.R.P.R.**

FILED - GR
September 14, 2022 3:08 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:KB  SCANNED BY: KB / 9-15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | |
|---|---|
| BRENDA LEE STEPP<br><br>Plaintiff,<br><br>v.<br><br>ANDREA HUNTLEY and<br>CHRIS HUNTLEY,<br><br>Defendants. | Case No. _____ **1:22-cv-851**<br>Paul L Maloney - U.S. District Judge |

**COMPLAINT FOR FRAUD, INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS AND FOR INJUNCTIVE RELIEF**

Plaintiff Brenda Stepp shows as follows:

### I. DIVERSITY JURISDICTION

1.

Plaintiff Brenda Stepp is a resident of the State of Georgia.

2.

Defendant Andrea Huntley is a resident of the State of Michigan and subject to the jurisdiction and venue of this Honorable Court.

Defendant Andrea Huntley may be served with a copy of this Complaint at her residence located at 6785 E. 30th Street, White Cloud, Michigan 49349.

3.

Defendant Chris Huntley is a resident of the State of Michigan and is subject to the jurisdiction and venue of this Honorable Court.

Defendant Chris Huntley is the father of Defendant Andrea Huntley.

Defendant Chris Huntley may be served with a copy of this Complaint at his residence located at 6850 E. Carrigan Drive, Newaygo, Newaygo County, Michigan, 49337.

4.

The amount in controversy exceeds $75,000.

## II. PERTINENT FACTS

5.

Defendant Andrea Huntley advertised freeze-drying services to preserve companion animals (pets) which pets are held dear to their owners.

6.

On October 7, 2020, Plaintiff Brenda Stepp rented a SUV to transport her deceased companion-animal, Lil' Mr. Murphy ("Murphy") to Newaygo, Michigan. As instructed, she stored Murphy in a cooler full of dry ice and drove from Atlanta, Georgia to Newaygo, Michigan, to meet Defendant Andrea Huntley.

7.

Defendant Andrea Huntley instructed Plaintiff Stepp to meet at 6858 E. Carrigan Drive – the house of her father, Chris Huntley.

8.

Defendant Andrea Huntley advised Plaintiff Stepp that she (Andrea Huntley) performed her freeze-drying services at this location (her father's house).

Defendant Andrea Huntley stated that the preservation process was done in the basement with the "amazing, state-of-the-art, North Star Dryers" located in the basement.

9.

Plaintiff Stepp met Defendant Andrea Huntley at Defendant Andrea Huntley's father's home at 6850 E. Carrigan Drive, Newaygo, Michigan on October 8, 2020.

10.

In the rented SUV was her precious cargo, her beloved Murphy.

11.

Upon arrival, Defendant Andrea Huntley invited Plaintiff Stepp inside her father's home, weighed Murphy and then requested a fee of $1,571 or, alternatively, a fee of $1,413.90 (a 10% discount) if paid in cash.

Plaintiff Stepp promptly paid the $1,413.90 in cash and transferred Murphy to Defendant Andrea Huntley.

12.

Tears filled Plaintiff Stepp's eyes as she made this transfer. She was leaving her 'best friend' and Baby (Murphy) with Andrea.

13.

As a gesture of good faith and kindness, Plaintiff Stepp gave Defendant Andrea Huntley a brand new Elna Sewing Machine which Brenda had brought with her in the rented SUV. The gift was meant especially for Andrea's daughter. The cost of the sewing machine and related accessories exceeded $500.

14.

Plaintiff Brenda Stepp told Defendant Andrea Huntley that she wanted to give something special to Andrea's 'baby' (Andrea's daughter) as Andrea was taking care of Brenda's 'baby' (Lil' Mr. Murphy).

15.

Brenda Stepp told Andrea Huntley that she was leaving "**her heart**" in Andrea's hands.

16.

Defendant Andrea Huntley advised Plaintiff Stepp that it would take about 10 months to complete the preserving process of Lil' Mr. Murphy, but that it might take a month or two longer.

17.

Brenda Stepp waited 12 months before reaching out to Defendant Andrea Huntley. None of Plaintiff Stepp's telephone calls were returned.

18.

In late October of 2021., Plaintiff Stepp emailed Defendant Andrea Huntley to ascertain whether Lil' Mr. Murphy was completed. Defendant Andrea Huntley emailed back:

"No." that she had experienced delays of a personal nature but that Lil' Mr.

Murphy should be completed in 2 to 3 months.

19.

Four months passed with no word from Defendant Andrea Huntley. Finally, on February 25, 2022, Defendant Andrea Huntley responded to an email sent by Plaintiff Stepp, by caustically stating, "Leave me alone."

20.

Since February 25, 2022, Plaintiff Stepp telephoned Defendant Andrea Huntley and sent her numerous emails pleading and begging that Defendant Andrea Huntley return Lil' Mr. Murphy back to her.

21.

Defendant Andrea Huntley has not responded to these multiple requests and has not returned Lil' Mr. Murphy to Plaintiff Stepp.

22.

Defendant Andrea Huntley stated she has a special relationship with the chief prosecutor of Newaygo County, Worth Stay. Although several other customers of Defendant Andrea Huntley have contacted State Trooper Erin McGarry with complaints that Defendant Andrea Huntley stole their money and failed to return their pets, no criminal charges have been brought against Defendant Andrea Huntley. Particularly, Defendant Andrea Huntley has violated Section 750.218 (*false pretenses with intent to defraud*) of the Michigan Penal Code.

23.

Defendant Andrea Huntley has engaged in a scheme to defraud her customers: 1) she takes their money; 2) she obtains their pets; 3) she does not do the work to preserve these pets; 4) she does not return the pets (or what remains of them) to the owners; 5) she insinuates that she will not return the pet if the owners of the pets continue to "bother" her. She holds the pet hostage.

24.

Defendant Andrea Huntley has "operated" without a conscience. She has no remorse no compassion, no empathy and should be held to account.

### III. FRAUD

25.

The averments in paragraphs 1 through 24 of this Complaint are re-alleged.

26.

Defendant Andrea Huntley represented that she would do the work to preserve Lil' Mr. Murphy. Defendant Andrea Huntley:

1) misrepresented the material fact that she would do the work to preserve Lil' Mr. Murphy;

2) intended Brenda Stepp to rely on the material fact that she would do the work to preserve Lil' Mr. Murphy;

3) Brenda Stepp not rely on this misrepresentation of material fact and was victimized thereby.

27.

Plaintiff Brenda Stepp was damaged by this misrepresentation of Material fact. Plaintiff Brenda Stepp suffered emotional and mental trauma and pain and suffering in an amount in excess of $100,000 to be exactly quantified by the jury in this case. Further, Plaintiff Stepp requests that punitive damages be assessed against Defendant Andrea Huntley.

### IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.

The averments in paragraphs 1 through 27 of this Complaint are re-alleged.

29.

Defendant Andrea Huntley's conduct in obtaining Lil' Mr. Murphy from Brenda Stepp and then refusing to do the work necessary to preserve Lil' Mr. Murphy is extreme and outrageous conduct.

30.

Defendant Andrea Huntley's conduct was intentional, reckless, or both.

31.

Plaintiff Brenda Stepp suffered severe emotional distress as a result of such conduct.

32.

Defendant Andrea Huntley's conduct was the proximate cause of |Plaintiff Stepp's severe emotional distress.

## V. INJUNCTIVE RELIEF

33.

The averments in paragraphs 1 through 32 of this Complaint are re-alleged.

34.

The precious pet (Lil' Mr. Murphy) was transferred to Defendant Andrea Huntley at her place of business: 6850 E. Carrigan Drive, Newaygo, Newaygo County, Michigan.

35.

This property is owned by Defendant Andrea Huntley's father, Defendant Chris Huntley.

36.

On August 4, 2020, Plaintiff Stepp sent Defendant Chris Huntley an over-night letter requesting that her dog be returned. See Exhibit A attached hereto. Defendant Chris Huntley "signed" for the letter. See Exhibit B attached hereto.

37.

Neither Defendant Andrea Huntley nor Defendant Chris Huntley has responded to the letter nor has the dog (Lil' Mr. Murphy) been returned.

38.

Plaintiff Stepp will suffer immediate and irreparable injury if her beloved pet, Lil' Mr. Murphy, is not returned immediately.

39.

Plaintiff Stepp will likely prevail on the merits of this case.

40.

Plaintiff Stepp has no adequate remedy at law in that the pet may deteriorate to virtually nothing if not immediately returned.

41.

Injunctive relief is necessary to preserve the status quo – that of having her pet returned in a state that is any way recognizable.

WHEREFORE, Plaintiff Brenda Stepp requests injunctive relief and that she have and recover judgment against Defendant Andrea Huntley in an amount not less than $100,000 for emotional trauma and in an amount not less than $250,000 for punitive damages, as determined by the jury in this case and that she have such additional and further relief as the Court deems meet and just.

Respectfully submitted,

*Brenda Lee Stepp* (signature)

Brenda Lee Stepp

(Address) 3764 Ensign Drive
Atlanta, Georgia 30341

## VERIFICATION

I, Brenda Lee Stepp, personally appeared before the undersigned Notary Public, and say under oath that I am the Plaintiff in the foregoing action and that the facts stated therein, are true and correct.

*Brenda Lee Stepp*
Brenda Lee Stepp

Sworn to and subscribed before me, this
14th day of September, 2022.

_____
NOTARY PUBLIC
My commission Expires: January 17, 2029
(Notary Seal)





-7-